22 C. C. P. A. (Patents)

## ALL–AMERICAN MOHAWK CORPORATION v. ROLLINSON.

Patent Appeal No. 3497.

Court of Customs and Patent Appeals.
· June 3, 1935.

John E. Cross and Edwin E. Samuels, both of Baltimore, Md., for appellant.

Charles R. Allen, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, affirming a decision of the Examiner of Interferences in a trade-mark opposition proceeding.

Appellant filed an application to register the word "Mohawk" as a trademark for refrigerators, refrigerating apparatus, and ice boxes, including electric refrigerators, and refrigerator parts. It claimed use of the mark on said goods since April 13, 1931.

It appears from the record that appellee, the opposer, is the owner of Registration No. 260,510, for the word "Mohawk" for radio parts and equipment, and that, from a time prior to appellant's first use of the mark "Mohawk," appellee used said mark upon relays, and thermostats or thermostatic controls suitable for use in electric refrigerators. It also appears from the record that appellee has never used the mark upon complete refrigerators. Appellee testified that he never, to his knowledge, had sold any refrigerator parts on which the mark "Mohawk" was used.

Appellee's notice of opposition alleged that the goods sold by him upon which said trade-mark "Mohawk" was used are of the same descriptive properties as the goods upon which appellant uses said mark, namely, electric refrigerators and parts.

Whether the goods of the respective parties are of the same descriptive properties is the only question before us for determination.

The Examiner of Interferences held that electric refrigerators are goods of the same descriptive properties as thermostats and relays, for the reason that such parts are essential to the operation of an electrical refrigerator, and further held that the electrical equipment of such refrigera-

tors was of the same descriptive properties as thermostatic controls upon which appellee used the mark "Mohawk." Accordingly, the Examiner of Interferences sustained appellee's notice of opposition and adjudged that appellant was not entitled to the registration for which it had filed application.

Upon appeal, the Commissioner of Patents affirmed the decision of the Examiner of Interferences upon the same grounds as those stated by the latter.

█ We are not in accord with the views of the Patent Office tribunals that complete electrical refrigerators are goods of the same descriptive properties as the goods to which appellee applies his mark, such as relays and thermostatic controls. Relays and thermostatic controls constitute very minor parts of an electric refrigerator.

In the case of Williams Oil-O-Matic Heating Corp. v. Westinghouse Electric & Mfg. Co., 62 F.(2d) 378, 379, 20 C. C. P. A. (Patents) 775, we said: "The language 'same descriptive properties,' contained in the first proviso of section 5 of the Trade-Mark Act of February 20, 1905 (15 USCA § 85), was intended by the Congress to relate to goods of the same general class, and was used synonymously with the term 'class,' used in the first part of that section. The words 'same class' and 'same descriptive properties' should be given 'a limited or an extended meaning and application, according to whether or not the use of identical or similar trade-marks would be likely to cause confusion or mistake in the mind of the public or to deceive purchasers,' and, in that connection, 'the use, appearance, and structure of the articles, the similarity or the lack of similarity of the packages or containers in which, the place or places where, and the people to whom, they were sold should be considered.' * * * "

█ Tested by the rule laid down in the above quotation, it is clear to us that complete electrical refrigerators are not of the same descriptive properties as the goods to which appellee applies his mark. We are, however, in agreement with the Patent Office tribunals in so far as parts of refrigerators are concerned. Some sort of thermostatic control is usually a part of electrical refrigerators. Clearly any kind of thermostatic control, even if specially adapted for use in electrical refrig-

erators, would possess the same descriptive properties as the thermostats sold by appellee, suitable for use in electric refrigerators. As appellant's application includes parts of refrigerators, as well as complete refrigerators, we must affirm the decision of the commissioner sustaining the notice of opposition, although we hold that he erred in finding that complete electrical refrigerators are of the same descriptive properties as the goods to which appellee applies his mark.

It appears from the record that, after appellee's notice of opposition was filed and after the Examiner of Interferences had acquired jurisdiction of the proceeding, but before any testimony was taken, appellant filed a petition to transmit its application to the Examiner of trade-marks for the purpose of amending the application by eliminating from the description of goods stated therein the words "refrigerating apparatus" and "refrigerator parts." This petition was denied by the commissioner. In his decision denying said petition, the commissioner said:

"It is not thought proper to transmit this case to the examiner of trade-marks as requested. The application was duly filed, the mark was published and opposition was made thereto. The opposer, if he so desires, is entitled to a decision on the merits of his opposition. If, after final hearing, the examiner of interferences should dismiss the opposition, then the question of amendment would not arise.

"On the other hand, if the examiner of interferences should sustain the opposition, he could in the course of his decision, state that the mark would be registrable if certain of the goods were eliminated from the statement, if he is of such opinion."

█ In the reasons for appeal no error is assigned in the denial of this petition, and we therefore may not here consider it. We assume, however, that if the Examiner of Interferences had sustained the notice of opposition only upon the ground that some parts of refrigerators possess the same descriptive properties as the goods of appellee, but that complete refrigerators were not of the same descriptive properties as the goods to which appellee applies his own mark, he would then have followed the suggestion of the commissioner above quoted, and appellant's application might thereafter have been

928

amended in accordance with its said petition. Whether this may now be done, in view of our conclusion that complete electrical refrigerators are not of the same descriptive properties as the goods to which appellee applies his mark, we may not here determine.

We must dispose of the case upon the record, including the reasons of appeal before us, and upon that record we must affirm the decision of the commissioner sustaining appellee's notice of opposition and adjudging that appellant is not entitled to the registration for which it has applied.

Affirmed.

BLAND, Associate Judge, concurs in conclusion.